McCOY v. MICHIGAN SCREW CO.

1. MASTER AND SERVANT—INDUSTRIAL ACCIDENT BOARD—PERSONAL INJURIES—PROXIMATE CAUSE.
   Where an employee's eye received an injury from pieces of steel flying from a lathe that he was operating and the eye became infected with gonorrhea with which the employee was afflicted, the loss of his eye, resulting from the disease, did not arise out of and in the course of his employment under the workmen's compensation law. Act No. 10, Special Session 1912 (2 How. Stat. [2d Ed.] § 3939 et seq.).

2. SAME—EVIDENCE—BURDEN OF PROOF.
   The burden of furnishing evidence from which the inference can be legitimately drawn that the injury arose out of and in the course of his employment rests upon the claimant.

Certiorari by the Michigan Screw Company to review an award of the industrial accident board to

William McCoy, claimant. Submitted January 23, 1914. (Docket No. 62.) Reversed June 1, 1914.

*Stevens T. Mason,* for appellant.

*Edmund C. Shields,* for appellee.

Kuhn, J. The claimant, William McCoy, was employed by the contestant and appellant as an operator on a lathe machine. On February 1, 1913, several small pieces of steel from the machine on which he was working lodged in his eye. This, it is claimed, caused an irritation and caused him to rub his eye. At the time, claimant was being treated by Dr. A. M. Campbell for gonorrhea. On February 7th he went to Dr. Cochrane, who removed four pieces of steel from the eye. The next day the doctor removed another piece of steel and discovered that the eye had become infected with gonorrhea. He was then sent to a hospital and subsequently lost the sight of the eye. The industrial accident board affirmed an award made claimant by an arbitration committee of $6.49 per week for 100 weeks.

It is the claim of contestant and appellant that the loss of the eye was not the result of a personal injury arising out of and in the course of claimant's employment, but was the direct result of a disease unconnected in any way with his employment. At the hearing before the industrial accident board, four physicians were sworn, who testified as to the effect upon the eye of gonorrheal infection.

Claimant contends that the germs would not have entered the eye had not the steel caused "(a) an inclination to rub—the inciting cause—(b) inflamed condition which made the eye susceptible to the entry of the germs, as in the case of blood poison and erysipelas."

A careful reading of the testimony of the physicians shows that the infection can easily be caused

to a normal eye by rubbing the eye with a hand infected with the gonorrheal germ. Dr. Bret Nottingham testified:

"*Mr. Mason:* And will you say as an expert how gonorrhea can be communicated to the eye? Is it by germ or otherwise?

"*A.* Yes; it is a contagious disease of course, produced by this germ, and a person, in caring for themselves as they have to, get some of this pus on their finger containing the germs, and of course, the eye being irritable, would rub the eye with the finger containing this pus.

"*Mr. Mason:* No doubt that infection of the eye was caused by the entering of gonorrhea germs. Could that infection occur if there was no injury in the eye?

"*A.* Yes.

"*Mr. Mason:* Therefore, if a perfectly normal eye will be rubbed by a hand infected with the germ, it will infect the eye.

"*A.* It might be very easily infected; a normal eye can be infected in this same manner.

"*Mr. Mason:* Suppose this boy had not had any injury to his eye, and had rubbed his eye; would it be possible that he could have lost his eye?

"*A.* Yes; the same result might have been obtained."

Dr. Cushman testified:

"Gonorrhea is one of the most common conditions that there is perhaps, and it is an admitted fact, without any argument upon what we are supposed to know, that the gonorrhea germ will attack and penetrate the unaffected covering of the eye. I have heard it said on reasonably good authority that it is perhaps the only germ that will attack an uninjured eye; but the fact of there having been this injury to the eye from the steel, without any question in my mind, has lowered the resistance of the eye, that is, weakened it, and made it less resistant to the infection. With the inflammation, it was much more probable that the eye become affected. Now, if the infection of gonorrhea was easier transmitted to the eye, there would be probably about 50 per cent. of us running around

blind. That is, gonorrhea is common, and you don't see many blind. I have heard that 90 per cent. of the men in a certain town either have or have had gonorrhea, and 90 per cent. of the men haven't got bad eyes, and probably have been careless about their fingers. The presence of an injury to the eye makes it far more probable that the eye will become diseased."

Dr. Cochrane testified:

"*Mr. Mason:* Dr. Cochrane, did you examine this William McCoy; on what date?

"*A.* February 7th.

"*Mr. Mason:* He came to you for what trouble?

"*A.* He complained of steel in his eye.

"*Mr. Mason:* Did you take the foreign bodies?

"*A.* Yes.

"*Mr. Mason:* Where were they in the eye?

"*A.* On the upper lid on the under side.

"*Mr. Mason:* Were they in a place where they would have been apt to give very serious injury to the eye?

"*A.* Not serious injury; they would produce irritation.

"*Mr. Mason:* Does the present loss of the eye result from these cinders having been in or from another cause?

"*A.* The direct cause is from the gonorrhea infection.

"*Mr. Mason:* Therefore the loss of the eye is the direct result of disease, and not of accident.

"*A.* The immediate cause is the disease.

"*Mr. Mason:* In other words, what we call the resulting cause is the disease.

"*A.* The immediate or direct cause.

"*Mr. Mason:* How did that gonorrhea get into his eye?

"*A.* Probably from rubbing with his fingers.

"*Mr. Mason:* He had gonorrhea before that?

"*A.* I understand so.

"*Mr. Mason:* At the time you examined him did he have gonorrhea?

"*A.* I understand so.

"*Mr. Reaves:* You say, Doctor, that that was the approximate cause of the loss of his eye—the imme-

diate cause—what would you say if he had not have had the steel in his eye?

"*A.* If he had not had the steel in his eye, he might not have rubbed his eye, at least not as vigorously as he did, and so he might not have infected the eye."

Dr. Campbell testified:

"*Mr. Atkins:* How much more chance would there be for his losing his eye after having the piece of steel in there, and the inflammation with it, how much more chance would there be to lose the eye?

"*A.* Just as soon as the infection gets in there I don't think it would make a great deal of difference. You are just as liable to lose the eye as soon as your infection gets there, whether you had anything in there or not. The point is here, your steel would be an inciting cause, and get infection on that account; but, once you get the infection, you are liable to lose the eye one way or the other. The point is here, there is an inciting cause from rubbing the eye; the effect of the steel being there, a man would be more liable to get infection of the eye, but, once your infection is in there, you will lose the eye from the gonorrhea infection. It does not make any difference how it gets in there, you will lose the sight partially or complete."

The burden of furnishing evidence from which the inference can be legitimately drawn that the injury arose "out of and in the course of his employment" rests upon the claimant. *Bryant* v. *Fissell*, 84 N. J. Law, 72 (86 Atl. 458) ; 3 Negligence & Compensation Cases Annotated, p. 585. Ruegg on Employers' Liability and Workmen's Compensation, p. 343, says:

"If an inference favorable to the applicant can only be arrived at by a guess the applicant fails. The same thing happens where two or more inferences equally consistent with the facts arise from them."

Boyd on Workmen's Compensation, § 559, says:

"The workman carries the burden of proving that his injury was caused by the accident and where he fails to do so, and where the evidence as to the cause of the injury is equally consistent with an accident,

and with no accident, compensation may not be awarded him."

In the instant case it is not reasonable to say that he would not have rubbed his eye if the steel had not lodged there. He might not have rubbed his eye, it is true; but it is just as reasonable to suppose that he might have had occasion to rub his eye without this particular inciting cause. By the medical testimony it conclusively appears that the infection could have taken place if the steel had not been there. It must be said, from this record, that the loss of the eye was directly and immediately due to the infection caused by the gonorrhea, which it cannot be claimed is a risk incident to the employment. We are of the opinion that the facts are not capable of supporting the inference that the injury arose out of and in the course of the employment.

The decision of the industrial accident board is reversed.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.