BALZER v. SAGINAW BEEF CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—"OUT OF AND IN THE COURSE OF EMPLOYMENT"—EVIDENCE—BURDEN OF PROOF.

The burden of furnishing evidence from which the inference can be drawn that the injury to an employee arose "out of and in the course of his employment" within the workmen's compensation act, rests upon the claimant.

2. SAME—FINDINGS OF INDUSTRIAL ACCIDENT BOARD—CONCLUSIVENESS—FRAUD.

If facts proven in proceedings for compensation under the act are capable, as a matter of law, of sustaining inferences of fact drawn from them by the industrial accident board, its findings are conclusive upon the Supreme Court, in the absence of fraud.

3. SAME—DISEASE AS RESULT OF INJURY—EVIDENCE—SUFFICIENCY.

Where it appeared that claimant at the time of his examination for life insurance about 15 months before the accident was free from diabetes, that a few days after the accident the disease was detected, upon an examination of his urine, and there was medical testimony that it was possible for one to have the disease and not know it unless an examination of his urine was had, the evidence was sufficient to sustain a finding of the industrial accident board that the disease resulted from the injury.[1]

Certiorari to Industrial Accident Board. Submitted October 15, 1917. (Docket No. 125.) Decided December 27, 1917.

John Balzer presented his claim for compensation against the Saginaw Beef Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the New England Equitable Insurance Company, insurer, bring certiorari. Affirmed.

[1]On construction and effect of workmen's compensation acts, generally, see note in L. R. A. 1916A, 23, L. R. A. 1917D, 80.

*Frank J. Riggs,* for appellants.

*Clarence M. Browne,* for appellee.

OSTRANDER, J.   There was an accidental injury arising out of and in the course of claimant's employment. So much is not in dispute.   But claimant is suffering from diabetes, a disease, and has been awarded compensation upon the theory that the disease resulted from the injury.   It is contended there is no evidence to sustain this conclusion, and none from which the required inference can be drawn.

In *McCoy* v. *Michigan Screw Co.,* 180 Mich. 454, 458 (147 N. W. 572, 573, L. R. A. 1916A, 323), it was said:

"The burden of furnishing evidence from which the inference can be legitimately drawn that the injury arose 'out of and in the course of his employment' rests upon the claimant.   *Bryant* v. *Fissell,* 84 N. J. Law, 72 (86 Atl. 458), 3 Negligence & Compensation Cases Annotated, p. 585.   Ruegg on Employers' Liability and Workmen's Compensation, p. 343, says:

" 'If an inference favorable to the applicant can only be arrived at by a guess, the applicant fails.   The same thing happens where two or more inferences equally consistent with the facts arise from them.'

"Boyd on Workmen's Compensation, § 559, says:

" 'The workman carries the burden of proving that his injury was caused by the accident, and where he fails to do so, and where the evidence as to the cause of the injury is equally consistent with an accident and with no accident, compensation may not be awarded him.' "

In *Papinaw* v. *Railway Co.,* 189 Mich. 441, 445, 446 (155 N. W. 545, 547), it was said:

"In considering this case we start with the well-settled proposition that, if the facts proven are capable as a matter of law of sustaining the inferences of fact drawn from them by the industrial accident board,

its findings are conclusive, in the absence of fraud, and the appellate court is not at liberty to interfere with them. Section 12, pt. 3, of the industrial accident law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5465), has been too often and recently so construed by this court to require citation of cases. This is but an application under the statute of the comprehensive and fundamental principle universal in courts of law that whether there is any competent evidence is for the court to determine, but whether the evidence is sufficient is a question for the jury; the function of the accident board being in that respect those of a jury in actions at law."

The case is not free from doubt. There is, however, some evidence from which, I think, inferences may be drawn favorable to claimant. It is said by the appellants:

"A reference to such testimony [the testimony returned with the writ] shows that the most that can be claimed from it is that it tends to show that, if the applicant were strong, healthy, and well at the time of the accident, and did not at that time have diabetes or any indication of it, and then developed the disease three or four weeks afterwards, such accident 'would be the probable cause.'"

The board based its conclusion, as it was obliged to do, largely upon the opinion evidence of medical men, evidence which is not very positive, and which perhaps could not be more positive than it is. And while the testimony shows many possible causes of diabetes, among them such an injury and shock as claimant suffered, counsel for appellants is, I think, in error in saying that it also shows that in claimant's case it might have been due to any one of the numerous possible causes.

It is possible for one to have the disease and not know it, so the physicians say, and sometimes an apparently strong, healthy man is found to be afflicted with the disease. But the evidence strongly supports

the conclusion that claimant was a strong, healthy man at the time he was injured. It does not directly negative the fact, which could be learned, perhaps, only by an examination of his urine, that immediately before the injury no test which could be applied would have disclosed a diabetic condition.

Claimant had been examined as a life insurance risk in November, 1913, and pronounced a healthy man. His urine was examined. All of the evidence tends to prove that thereafter, until February 9, 1915, when he received the injury in question here, he was a well man. A few days after he was injured an examination of the urine indicated the presence of the disease. The condition might have been caused by the injury. No other event, or experience, made manifest in the testimony accounts for his diseased condition. If he was a well, healthy man when injured, it is *probable,* the physicians say, that the diabetic condition is a result of the injury. The conclusion that it was caused by the injury is not then mere conjecture. The finding of the board rests upon something more substantial.

The award will not be disturbed.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.