HAMILTON *v.* J. KELSEY McCLURE, INC.

1. MASTER AND SERVANT—INDEPENDENT CONTRACTOR.
   Basic test of relation of independent contractor is that the employer's right of control .of the workman extends only to the results to be accomplished by him and not to the method or means of accomplishment.

2. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—CASUAL EMPLOYMENT—MOVING OFFICE FURNITURE..
   Employment of plaintiff's decedent at an hourly rate for purpose of assisting a regular employee to move some office furniture and fixtures to another location, subject to employer's directions and control, *held,* not an employment as an independent contractor but a casual employment entitling widow to compensation for death resulting from accidental injuries received while engaged in the work.

Appeal from Department of Labor and Industry. Submitted October 8, 1936. (Docket No. 49, Calendar No. 38,984.) Decided December 9, 1936.

Florida Hamilton, widow, presented her claim for compensation against J. Kelsey McClure, Inc., employer, and Zurich General Accident Company, insurer, for death of plaintiff's decedent while in defendant's employ. Award denied. Plaintiff appeals. Reversed.

*Arthur A. Ude, L. Paul Turgeon (Floyd T. Schermerhorn,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

Fead, J. This is certiorari to review an award of the department of labor and industry, denying compensation.

Defendant employer operates a used car lot. On a Sunday its manager ordered George Hamilton, an employee then on duty, to move some office furniture and fixtures to another location. George told the manager he could not move the furniture alone and he was authorized to employ his brother Theodore, plaintiff's husband, to help him. While standing on a step-ladder to remove electric lights and hand them to George the bracket gave way, Theodore fell, fractured his skull and he died therefrom.

The basis of Theodore's pay was 50 cents per hour. George estimated that the work would take about two hours and so informed the manager. Whether Theodore was to be paid at the rate of 50 cents per hour for the time employed or $1 for the job was in dispute, defendant claiming the latter.

It appears from the opinion of the department of labor and industry that it found the fact as claimed by defendant because it held Theodore an independent contractor, and denied compensation on that ground.

The courts have declared several factors as indices of an independent contract, among them a fixed price for the work to be done and the specific and limited character of the work, none of them, however, conclusive. The basic test is that the employer's right of control of the workman extends only to the results to be accomplished by him and not to the method or means of accomplishment.

The work here involved is of a character which is ordinarily not the matter of an independent contract at least when the employer provides the transportation of the furniture. It is usually common labor over which the employer retains the right of full control. George Hamilton performed the work as defendant's employee. He was subject to its directions. And there is nothing in the record to indicate that Theodore, as George's helper, had any control over the method or means of doing the work or that he was not to perform it under George's orders and, therefore, under the same control of the employer as was George.

The evidence does not justify the holding of the department that Theodore Hamilton was an independent contractor. The award is vacated and the cause remanded to the department for further proceedings.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.