FRANK CAMPANILE, PETITIONER-DEFENDANT, v. CITY OF ASBURY PARK, RESPONDENT-PROSECUTOR.

Submitted May 4, 1937—Decided August 2, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Franklin J. Marryott.*

For the defendant, *Anschelewitz, Frankel & Barr* (*Haydn Proctor,* of counsel).

The opinion of the court was delivered by

PARKER, J.   This is a workmen's compensation case, submitted on briefs without oral argument.   The bureau awarded compensation, the amount of which is not now questioned; on the employer's appeal, the Court of Common Pleas affirmed; and the matter comes before us under this writ for a review on the law and the facts.

As to the law: the petitioner was employed as a policeman, and was on police duty at the time of the alleged acci-

dent. He is therefore within the purview of section 1 of chapter 145 of the laws of 1913 (*Pamph. L., p.* 230) as amended in 1927 (*Pamph. L., p.* 239) and further amended in 1931 (*Pamph. L., p.* 873). The important feature for present purposes, of the amendment of 1931 is the addition of a clause reading "who may hereafter be injured in the line of duty." The question is suggested, that the clause is intended to bar cases not occurring "in line of duty." The phrase is borrowed from pension legislation. Whether it means anything different from an accident arising out of and in the course of employment, need not be presently considered, as both parties frankly deal with the dispute as one to be settled in view of the Compensation act. The "accident" was this, as claimed: Petitioner, on patrol duty in the small hours of a windy gusty morning, felt the wind "blow something into his eye." The chain of events thereafter was, a futile attempt to get the "something" out, a visit to his doctor, who likewise tried to get it out, perhaps with only partial success; inflammation, hospitalization, operation, and in the end a sightless eye claimed to have resulted from an orbital abscess following infected conjunctivitis.

Granting the lodgment of foreign matter in the eye, and as to this there can be little or no dispute, we have the question whether this was an accident arising out of and in the course of the employment. That it was an accident, seems indubitable. That it arose in the course of the employment is equally clear. The real question, as usual, is whether it arose out of the employment. There is a well known contrariety of decision in cases of this class, some jurisdictions, particularly England, construing their statutes, with strictness, others, including New Jersey, inclining to a liberal view of injuries due to weather conditions where it fairly appears that the petitioner underwent an exposure to which the public generally was not subjected. The sunstroke case of *George* v. *Waldron, Inc.*, 111 *N. J. L.* 4, is of this class, and is a decision of the Court of Errors and Appeals. Some stress is laid in the opinion in that case on

the fact of working overtime, but in *Matthews* v. *Woodbridge,*
14 *N. J. Mis. R.* 143, we have the case of a policeman injured
by frostbite during his regular working hours in the early
morning—a pure case of severe weather conditions. *Sullivan*
v. *Clark,* 3 *N. J. Mis. R.* 924, a decision of the bureau, is a
similar case. Prosecutor's counsel has shown commendable
industry in collecting a number of outside cases similar on
the facts, some of which we note here for convenience: viz.,
*Amys* v. *Barton,* 5 *B. W. C. C.* 117, servant driving threshing
machine stung by wasp; *Sheldon* v. *Needham,* 7 *Id.* 471,
servant sent to mail a letter slipped on a banana peel in the
street; *Bellamy* v. *James Humphries,* 6 *Id.* 53, weaver at
work got dust in his eye. The cases of *McCoy* v. *Screw Co.,*
180 *Mich.* 454; 147 *N. W. Rep.* 572, and *Voelz* v. *Industrial
Com.,* 161 *Wisc.* 240; 152 *N. W. Rep.* 830, seem to turn on
the questions of proximate cause of the ultimate damage.
The cases cited are not controlling here, and we consider that
they, as well as the Massachusetts case of Shaw *v.* Association,
of the street railway conductor on the running board getting
dust in his eye, run directly counter to the theory of decision
obtaining in this state based in large part on the proposition
that the statute is remedial, and therefore should be liberally
construed. *Jersey City* v. *Borst,* 90 *N. J. L.* 454; *Combina-
tion Rubber Co.* v. *Olser,* 95 *Id.* 43; 96 *Id.* 544; *Fisher* v.
*Tidewater Building Co.,* 96 *Id.* 103; affirmed, 97 *Id.* 324.
The case of *Zabriskie* v. *Erie Railroad Co.,* 86 *Id.* 266, one
of our earlier decisions, involved an accident to an employe
crossing a public street, where, as we held, there was "the
subjection of the employe to [the] danger by the conditions
of his employment." The petitioner in the case at bar was
not incidentally as in that case, but permanently, subjected
to weather conditions during his tour of duty; and foreign
matter getting into one's eye because of a sudden gust of
wind is not so uncommon an occurrence as to be beyond the
pale of reasonable anticipation as a risk of employment,
unavailable of course at common law as against the master,
but expressly and designedly provided for by the statute.
Assuming this as a premise, irritation, infection, and loss of

sight are not in any way unreasonable as *sequelæ* of dirt in the eye. In a recent insurance case the insured died because of pulling a hair out of one nostril and consequent infection. It does not seem to be seriously suggested that the infection resulted from petitioner's very natural and apparently careful attempt to remove the foreign matter with his handkerchief, while still on duty. He consulted a physician at once after going off duty, and after that, the responsibility was that of others.

We conclude that neither in law nor fact did the bureau or the Pleas err in holding that petitioner was injured by an accident arising out of and in the course of his employment, and that the judgment of the Pleas under review should therefore be affirmed.