MELLANEY *v.* FORDMONT HOTEL.

1. Workmen's Compensation—Principal Liable for Injuries to Employee of Contractor Not Subject to Act.

Under the workmen's compensation act a principal employer who is subject to the act and who contracts with another not subject to the act to do a piece of work is liable for workmen's compensation to employees of the contractor as though employed directly by the principal (2 Comp. Laws 1929, § 8416).

2. Same—Issues of Fact—Direct Testimony—Reasonable Inferences.

The commissioners of the department of labor and industry, like a jury, have the right and duty in determining a controverted issue of fact to consider not only direct testimony but also to take into consideration all reasonable inferences which may be drawn from established facts and which have a material bearing upon the controverted issues.

3. MASTER AND SERVANT—EXISTENCE OF RELATIONSHIP A QUESTION OF FACT OR MIXED LAW AND FACT.

Whether or not the relation of master and servant exists in a given case, under oral contract, is often a question of fact, or of mixed law and fact, and is to be proved like any other question.

4. WORKMEN'S COMPENSATION—WALL SIGN PAINTER—MASTER AND SERVANT—EVIDENCE.

In proceeding to recover workmen's compensation for death of plaintiffs' late husband and father, an expert wall sign painter, evidence *held*, to sustain finding of department that deceased was an employee of contractor engaged by defendant to paint a sign where evidence showed he was to be paid $25 based upon an estimated 20 hours of work at $1.25 an hour, he furnished his own ropes and hooks but the contractor supplied scaffold, stage, paint and all materials and used its own truck to deliver the equipment to the job, it is not indicated deceased could substitute another to do the work, and the contractor obtained another painter to complete the sign without attempting to determine whether or not a personal representative had been appointed for deceased.

5. SAME—SUPREME COURT BOUND BY DEPARTMENT'S FINDING RELATION OF MASTER AND SERVANT EXISTED.

The Supreme Court is bound by finding of department of labor and industry that deceased wall sign painter was an employee of contractor engaged to do some work for defendant where record contains testimony supporting such finding (2 Comp. Laws 1929, §§ 8416, 8451).

Appeal from Department of Labor and Industry. Submitted April 28, 1939. (Docket No. 2, Calendar No. 40,253.) Decided June 22, 1939.

Stella Mellaney presented her claim against Fordmont Hotel and State Accident Fund for compensation for death of her husband while an employee of Pfefferl Sign Company, which contracted to do work for Fordmont Hotel. Award to plaintiff. Defendants appeal. Affirmed.

*John F. Linehan,* for plaintiff.

*Harry H. Mead (Miller, Bevan, Horwitz & Des Roches,* of counsel), for defendants.

NORTH, J.   The Fordmont Hotel and its insurer, State Accident Fund, have brought this appeal in the nature of certiorari from an award of compensation made by the department of labor and industry to Stella Mellaney for herself and six children as dependents of Richard Mellaney, deceased.

The Fordmont Hotel, herein designated as defendant, contracted with the Pfefferl Sign Company to paint certain signs on the exterior walls of a hotel building in Detroit. Both the Fordmont Hotel and the Pfefferl Sign Company were Michigan corporations. The former was under the workmen's compensation act; the latter was not. Richard Mellaney, while doing this sign painting under an oral agreement with the Pfefferl Sign Company, fell from the scaffold or stage he was using and died the same day from injuries sustained. Plaintiff claims, and the department found, Richard Mellaney was an employee of the Pfefferl Sign Company; and therefore under the statutory provision (2 Comp. Laws 1929, § 8416 [Stat. Ann. § 17.150]) defendant and its insurers were liable for compensation to the dependents of deceased. The sole question for review is appellants' contention that Richard Mellaney was not an employee, but instead was doing this sign painting as an independent contractor. Both the factual and the legal aspects of this record are so well presented in the opinion of the commissioners that we quote in part:

"Richard Mellaney, deceased, was an expert wall sign painter. The sign company engaged him to do

the wall sign work on the said Fordmont Hotel job. It was understood by and between the sign company and Mellaney that he was to receive $25 for painting the said signs. In reaching this figure, it was estimated that the work would require 20 hours to complete and the basic hourly rate for such work was computed at $1.25. Mellaney proceeded with the work in accordance with the sketch or specifications given him by the sign company. The sign company furnished the paint and all materials and also the painter's scaffold or stage. Mellaney used his own ropes and hooks. The sign company used its own truck to deliver the equipment and material to the job and furnished a helper to assist in the delivery of the equipment and material. The helper also gave Mellaney some assistance in moving the scaffold or stage but was not regularly in attendance on the job. The helper was paid by and was an employee of the sign company.

"The record does not indicate that Mellaney had any authority to substitute another of his own choosing to paint the said signs. In view of the highly skilled and specialized nature of the work involved, we believe the natural inference to be that Mellaney had no such authority and that it was understood by the parties that the sign painting would be done by him personally. The sign company had the responsibility of seeing that the painting conformed to specifications but, beyond that, there was no immediate or direct supervision of Mellaney's work. Neither was there any immediate or direct supervision of deceased's hours of work except that it was contemplated that the job would not require more than 20 hours and that Mellaney, in order to avail himself of the paint and materials and helper furnished by the sign company, would, to some extent, have to accommodate his hours of work to those of the regular employees of that company. On October 28, 1936, and while painting one of said

signs, Mellaney fell from the scaffold and received injuries from which he died later in the same day. The sign company engaged another painter to complete the work without making any attempt to determine whether or not a personal representative had been appointed for the deceased who might wish to arrange for the completion of the painting. * * *

"The defense is based upon the theory that Mellaney was an independent contractor and was not an employee of the sign company at the time the accident occurred. The test of the particular relationship herein involved is the right of the sign company to control Mellaney's work in painting the said signs. The fact that there was no immediate or direct supervision of the mechanics of the painting involved is not controlling. Mellaney was an expert sign painter and he was selected because of his ability to perform service in such a specialized field. In such cases, the absence of direct supervision cannot be held to be determinative unless all skilled workers are to be classed as independant contractors. The sign company had the responsibility of seeing that the work was performed in accordance with specifications and that is the extent of supervision generally regarded as necessary wherever highly skilled services are involved. Mellaney had been engaged to do the work for a job price but it is clear that such price was reached by a computation of the required hours at an hourly rate of $1.25. He had to accommodate his hours to those of the regular employees of the sign company in order to avail himself of the deliveries of materials made by that company and in order to avail himself of the occasional help of the helper supplied by said company. Furthermore, as we have found above, the understanding between the parties required the personal, skilled services of Mellaney. He had no authority to substitute another. Such lack of authority is consistent only with a right to control vested in the sign company. It is not consistent with the status of an independent

contractor. It is further significant that, after deceased's death, the same company engaged another painter to complete the work without making any attempt to determine whether or not a personal representative had been appointed for the deceased.

"In our opinion *the preponderance of the evidence* indicates the existence of an employer-employee relationship between the sign company and Mellaney. Such company had at all times the right to control the work being done by the deceased."

Appellants contend "there is no proper evidence" to sustain the finding that Richard Mellaney was an employee. This contention cannot be sustained under this record. Like a jury, the commissioners have the right and the duty in determining a controverted issue of fact to consider not only direct testimony but also to take into consideration all reasonable inferences which may be drawn from established facts and which have a material bearing upon the controverted issue.

"It is the province of the board* to draw the legitimate inferences from the established facts and to weigh the probabilities from such established facts." *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137.

To the same effect see *Wilson* v. *Phoenix Furniture Co.,* 201 Mich. 531; *Glenn* v. *McDonald Dairy Co.,* 270 Mich. 346; and *Stevenson* v. *Antrim Iron Co.,* 287 Mich. 418.

"Whether or not the relation of master and servant exists in a given case, under oral contract, is often a question of fact, or of mixed law and fact, and is to be proved like any other question." *Tuttle*

---

* The powers and duties of the industrial accident board, here referred to, were transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—REPORTER.

v. *Embury-Martin Lumber Co.,* 192 Mich. 385, 400 (Ann. Cas. 1918 C, 664).

Our review of this record discloses that it presents certain circumstances which quite definitely tend to establish Richard Mellaney's status as that of a subcontractor; but it also discloses other facts and circumstances which are at least equally persuasive that he was an employee hired by the Pfefferl Sign Company to do certain work at an agreed price.

*Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164), and *Perham* v. *American Roofing Co.,* 193 Mich. 221, cited in appellants' brief, and *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214 Mich. 231, are cases in each of which we held that the disclosed facts necessitated holding as a matter of law the controverted relation was that of an independent contractor and not that of employer and employee. In so holding we reversed the lower tribunal in each instance. But in each of these cases the material factual situation disclosed is distinguishable from that in the instant case. The cited cases come far short of sustaining appellants' contention that under the record now before us there is no testimony tending to establish plaintiff's claim that Richard Mellaney was an employee. The following cases are in this field of the law and sustain plaintiff's assertion that in the instant case there is testimony in support of the finding of the department, by which we are bound (2 Comp. Laws 1929, § 8451 [Stat. Ann. § 17.186]), that Richard Mellaney was an employee of the Pfefferl Sign Company: *Lewis* v. *Detroit Vitrified Brick Co.,* 164 Mich. 489; *Tuttle* v. *Embury-Martin Lumber Co., supra; Sargent* v. *A. B. Knowlson Co.,* 224 Mich. 686 (30 A. L. R. 993);

*Hamilton* v. *J. Kelsey McClure, Inc.,* 278 Mich. 307; and *Stevenson* v. *Antrim Iron Co., supra.*

The department's award is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.