## ATHERTON v. FAWCETT.

1. Workmen's Compensation—Certiorari—Review—Court Rules —Further Evidence—Judgment on Facts.

    Review of cases determined by the department of labor and industry is by appeal in the nature of certiorari in which the Supreme Court is limited to questions of law; hence court rule providing that it could continue a cause for taking further evidence and give any judgment and make any order which ought to have been given or made as the case might require would be inapplicable as it concerns reviews in which the Supreme Court may render decree or direct judgment on facts (Court Rule No. 72, § 1, subds. [e], [g] [1933]).

2. Same—Rehearings—Department—Supreme Court.

    On appeal from the department of labor and industry the Supreme Court may not grant a rehearing to be had by the department, since the department is not empowered to grant a rehearing.

3. Same—Fraud—Equity.

    If by the use of false testimony an employee obtains an award from the department of labor and industry to which he is not entitled, the employer's remedy, if any, is in a court of equity.

4. Same—Finding of Department—Increased Disability.

    Finding of increased disability to woodsman since settlement receipt was approved, which was attributable to the accidental injury, *held*, supported by evidence.

5. Same—Review by Supreme Court.

    On review of award of the department of labor and industry the Supreme Court does not review issues of fact *de novo* nor determine whether the department's finding was against the preponderance or weight of the evidence (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted April 16, 1940. (Docket No. 106, Calendar No. 40,321.) Decided September 6, 1940.

Frank Atherton presented his claim against Franklin Fawcett, employer, and United States Fidelity & Guaranty Company, insurer, for compensation for accidental injuries. On remand from Supreme Court. Award to plaintiff. Defendants appeal. Affirmed.

*Denis McGinn,* for appellants.

*R. W. Nebel,* for appellee.

WIEST, J.   This is an appeal by defendants in the nature of certiorari from an award of compensation to plaintiff.   Defendants, by motion, ask leave to take newly discovered evidence.

Plaintiff was in the employ of defendant Franklin Fawcett, and, February 13, 1931, while he was attempting to move a log with a cant hook, the hook slipped and he fell and received injuries to his chest and ribs.   The employer reported the accident and the parties entered into an agreement for compensation which was approved by the department. August 12, 1931, a settlement receipt was filed, and approved by the department August 22, 1931.   In January, 1935, plaintiff filed a petition for further compensation on account of increased disability; and, in May, 1936, the department, upon a finding that the settlement receipt of 1931 had never been approved by the department, awarded compensation at the rate of $10 per week for total disability from July 29, 1931, and until the further order of the department, less a period of 39 days.   The attention of the department being called to the error in holding the settlement receipt had not been approved, the then department acknowledged the error and an opinion was prepared to correct the same by a holding that plaintiff, under such circumstances,

was not entitled to further compensation. This contemplated order was not entered and, upon a change in the personnel of the department, entry was refused. Thereupon defendants applied to this court for relief and we issued a writ of mandamus requiring the department to set aside its erroneous order and make review. *Fawcett* v. *Department of Labor and Industry,* 282 Mich. 489. Thereupon the department vacated its former order and, upon consideration of the case, found that plaintiff, by reason of the injuries sustained in 1931, is suffering total disability from heart trouble attributable to the injuries, and, in August, 1938, awarded him compensation of $10 per week from September 1, 1931, with the exception of 39 days, and until the further order of the department.

The department found that plaintiff, since September 1, 1931, was totally disabled by a heart condition, and stated:

"The date of September 1, 1931, was selected because it was during the preceding month of August that the plaintiff attempted to pick blueberries and found himself unable to do so because of the condition of his heart. The immediate question is whether or not such heart condition is attributable to the accidental injury of February 13, 1931. The determination of this question, in our opinion, rests largely upon our findings of fact regarding the happening and nature of the original injury. * * *

"The record indicates that up to the time of the accident, the plaintiff was a well, able-bodied woodsman. * * * We believe the preponderance of the evidence introduced in this case to indicate that the plaintiff's disabling heart condition could be caused by an accident of the nature herein found, that is, by a severe blow causing a bruised area approximately four or five inches wide and six inches long over the heart, fracturing two ribs over the heart

and rendering the recipient unconscious over a period of one-half hour to 45 minutes immediately thereafter. * * *

"We have, therefore, a situation of an apparently able-bodied woodsman suffering an accident of such nature as might cause a disabling heart condition followed immediately by the actual development of such disability. In this case, the possibility of such an accident having caused the disability, when considered in connection with the fact that the disability definitely dates from the accident, indicates, in our opinion, the clear probability of a causal relationship between the two. We, therefore, find the plaintiff to have been totally disabled as a result of the said accidental injury of February 13, 1931, from the 1st day of September, 1931."

The heart trouble, whether attributable to the accidental injury, was an issue before the department. Plaintiff was formerly a resident of the lower peninsula of Michigan and the accident happened in Alger county in the upper peninsula where plaintiff was not so well known. The doctors who examined the plaintiff after the accident found a heart condition termed "myocarditis" which might or might not be of long standing or might be the result of a traumatic injury affecting the heart.

On account of the lack of knowledge of the past life of the plaintiff, defendants claim they were unable to produce witnesses to refute plaintiff's claim of no previous heart trouble but, after the award and this appeal, discovered, for the first time, many witnesses whose affidavits are before us, in which doctors state they treated plaintiff for heart trouble long before the accident and lay persons state they saw plaintiff stricken to the ground by heart trouble and helped to revive him and to whom he stated that he had had heart trouble for many years.

In support of the motion for an order of this

court to permit the taking of newly-discovered evidence, defendants invoke power under Court Rule No. 72, § 1, subds. (e) and (g) (1933) reading:

"(e) Continue the cause until such further evidence shall be taken and brought before it as the Court may deem necessary in order to do justice;

"(g) Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, whether mentioned in the notice of appeal or not, as the case may require."

Review in this case is fixed by statute (2 Comp. Laws 1929, § 8451 [Stat. Ann. § 17.186]), and is by appeal in the nature of certiorari in which we are limited to questions of law. The mentioned court rule has no application to such a review but concerns reviews in which this court may render decree or direct judgment on facts.

The department of labor and industry could not have granted a rehearing (*Fitzpatrick* v. *Olds Division of General Motors Corp.*, 282 Mich. 646), and we are not given power to do what the department is barred by law from doing. When a branch of this case was before us in *Fawcett* v. *Department of Labor and Industry, supra,* we said the department may not conduct a rehearing of an award but the remedy, if any, is in equity.

If plaintiff, by false testimony, obtained an award to which he was not in fact entitled, the remedy, if any, is in a court of equity.

The motion to continue the case and take further testimony is denied, with costs of the motion to plaintiff.

The finding of increased disability attributable to the accidental injury was supported by evidence

and, as we do not review the issues of fact *de novo* nor determine whether the finding of the department was against the preponderance or weight of the evidence, we must let the finding of the department stand. This rule of limitation upon our review is well settled both by statute and our former decisions. *Froman* v. *Banquet Barbecue, Inc.,* 284 Mich. 44.

Counsel for defendants states in his brief:

"We wish that this Honorable Court would, in the privacy of their offices, and at their leisure, use a round object, a desk, a chair or any object that they see fit, and see by what stretch of the imagination a person could, when he falls on his abdomen, injure the chest enough to fracture ribs severely enough to penetrate the heart."

The desire of counsel brings no incitement to comply, and, besides, our review is limited to points of law without foolhardy hazard to life or limb.

The appeal in the nature of certiorari presents no points of law calling for vacation of the award, and it is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.