## AQUILINA v GENERAL MOTORS CORPORATION

Docket No. 59379. Argued January 6, 1978 (Calendar No. 20).—Decided July 24, 1978.

Eula Aquilina was granted workers' compensation benefits for her back condition against her employer, General Motors Corporation, by the Workmen's Compensation Appeal Board. A "controlling opinion" signed by one member of the appeal board stated that the plaintiff was not required to establish her entitlement to workers' compensation benefits by a preponderance of the evidence, two members concurred in the result, and the fourth member, joined by the fifth, wrote a dissenting opinion. The Court of Appeals, R. M. Maher, P.J., and V. J. Brennan, J. (Bashara, J., dissenting), denied leave to appeal (Docket No. 30518). Defendant appeals. *Held:*

1. The proof required in an administrative law proceeding such as a workers' compensation hearing is the same as that required in a civil judicial proceeding: a preponderance of the evidence. In making its determination the Workmen's Compensation Appeal Board may draw certain inferences from the evidence. In the last analysis, the trier of fact in compensation matters is charged with the same responsibility as the trier of fact in civil proceedings.

2. The "controlling opinion" issued in the instant case by the Workmen's Compensation Appeal Board is not a majority decision setting forth the findings of fact of the board because two members chose only to concur in the result reached by the member writing the opinion. Appellate courts cannot discharge their statutory responsibilities in reviewing compensation cases unless the Workmen's Compensation Appeal Board properly articulates its findings of fact. This requires that a *true* majority reach a decision based on stated facts. Board members must make a finding regarding all critical or crucial facts as well as the result when they choose not to sign the controlling opinion. Concurring board members are also encouraged to articulate

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 534.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 550, 560.
[3, 4] 82 Am Jur 2d, Workmen's Compensation §§ 549–569.

whether or not they agree with the legal standard and the rationale employed in reaching the decision.

The order of the Workmen's Compensation Appeal Board is vacated and the case is remanded to the appeal board for further proceedings.

1. WORKMEN'S COMPENSATION—BURDEN OF PROOF

The proof required in an administrative law proceeding such as a workers' compensation hearing is the same as that required in a civil judicial proceeding: a preponderance of the evidence.

2. WORKMEN'S COMPENSATION—FACT FINDING—INFERENCES—BURDEN OF PROOF.

The Workmen's Compensation Appeal Board, in making its determination whether a claimant is entitled to benefits, may draw certain inferences from the evidence.

3. WORKMEN'S COMPENSATION—FACT FINDING—OPINIONS.

A "controlling opinion" written by one member of the Workmen's Compensation Appeal Board is not a majority decision of the appeal board setting forth the findings of fact in the case where two members chose only to concur in the result and two members dissented (MCL 418.261[2]; MSA 17.237[261][2]).

4. WORKMEN'S COMPENSATION—FACT FINDING—OPINIONS—APPEAL AND ERROR.

Appellate courts cannot discharge their responsibilities in reviewing workers' compensation cases unless the Workmen's Compensation Appeal Board properly articulates its findings of fact; this requires a *true* majority reaching a decision based on stated facts; board members must make a finding regarding all critical or crucial facts as well as the result when they choose not to sign the controlling opinion (MCL 418.261[2], 418.861; MSA 17.237[261][2], 17.237[861]).

*Ripple, Chambers & Steiner, P.C.,* for plaintiff.

*James A. Durkin* and *Willard W. Wallace (Otis M. Smith,* General Counsel, of counsel) for defendant.

BLAIR MOODY, JR., J. Eula Aquilina, plaintiff-appellee, was a sewing machine operator for General Motors, defendant-appellant, for more than ten years. On December 18, 1970, plaintiff evi-

dently[1] slipped and fell in defendant's parking lot. From that date until the middle of March, 1971, she was intermittently unable to work and received workers' compensation benefits. Plaintiff effectively ceased working for defendant on August 3, 1972, although she did return to work for one day, August 11, 1972, on a trial basis.

Plaintiff filed a petition for a formal hearing on November 3, 1972, claiming total disability for back injuries allegedly sustained at work on December 18, 1970, and subsequently aggravated on August 3, 1972. An appropriate hearing was held before a workers' compensation hearing referee. Lengthy medical testimony was received from plaintiff Aquilina and her expert medical witnesses and from defendant corporation's medical experts. The testimony conflicted as to the extent of plaintiff's symptoms, their cause and plaintiff's disability.

At the close of the hearing, the referee found that plaintiff Aquilina had incurred a work-related disability immediately after her termination of employment on August 3, 1972, but that

"plaintiff has failed to sustain her burden of proving by the preponderance of the evidence any disability beyond 11-13-73 * * * relating to an industrial injury of either 12-18-70 or 8-3-72."

Plaintiff then filed a claim for review as to this latter ruling with the Workers' Compensation Appeal Board.

In what was designated as the "controlling opin-

[1] The "facts" are not at issue in the instant appeal. Therefore, we deliberately set forth the necessary facts in skeletal form for background purposes only. As we explain in part II of this opinion, the board did not make majority findings of fact. We do not intend to usurp the board's authority to do so upon remand by our statement of the facts in this opinion.

ion", Board Member Hostettler held that the hearing referee had placed a greater than normal burden of proof on the plaintiff and found that plaintiff was disabled beyond November 13, 1973. Board Members Beitner and Woods concurred in the result reached by Member Hostettler but did not issue an opinion.

Board Member Richardson dissented. He agreed that the referee had placed an improper burden of proof on the plaintiff ("by the preponderance of the evidence") but found that plaintiff had not even satisfied the lesser burden of proof. Member Oldstrom concurred in Member Richardson's dissent.

Plaintiff Aquilina was awarded benefits by the board until further order of the Bureau of Workers' Compensation. Defendant General Motors applied to the Court of Appeals for leave to appeal on September 9, 1976; leave was denied on January 24, 1977. This Court granted leave on June 29, 1977. 400 Mich 836.

Defendant General Motors presents two issues for resolution by this Court:

(1) Did the board commit legal error by holding that plaintiff did not have to establish her entitlement to benefits by a preponderance of the evidence?

(2) Does the board fulfill its responsibility to find facts with finality when the controlling opinion is signed by less than a majority of the appeal board members assigned to decide the case, with the other members comprising the majority concurring only in the result?

For the reasons stated herein, we answer the first question in the affirmative and the second question in the negative. The decision of the board is vacated and the case is remanded.

I

In his controlling opinion, Member Hostettler stated that the hearing referee had employed an incorrect standard of proof in considering plaintiff's claim:

"On review we find that the referee placed a greater than normal burden on plaintiff by expecting her to sustain her burden of proof 'by the preponderance of the evidence'. We further find that plaintiff has sustained her burden of proof of continuing disability and so order weekly compensation paid from November 13, 1973, until the further order of the Bureau."

Member Hostettler cited two vintage Michigan Supreme Court cases for an allegedly lesser degree of proof:

"The burden of furnishing evidence from which the inference can be legitimately drawn that the injury arose 'out of and in the course of his employment' rests upon the claimant.

\* \* \*

" 'If an inference favorable to the applicant can only be arrived at by a guess the applicant fails. The same thing happens where two or more inferences equally consistent with the facts arise from them.' " *McCoy v Michigan Screw Co,* 180 Mich 454, 458; 147 NW 572 (1914).

*Lindsteadt v Louis Sands Salt & Lumber Co,* 190 Mich 451; 157 NW 64 (1916).

This Court cannot agree with Member Hostettler that a lesser degree of proof is required in workers' compensation cases. The proof required in an administrative law proceeding such as a workers' compensation hearing is the same as that required in a civil judicial proceeding: *a prepon-*

*derance of the evidence.*[2] *Cf. Dillon v Lapeer State Home & Training School,* 364 Mich 1, 8; 110 NW2d 588 (1961).

Michigan authority reflects that a claimant must prove his or her entitlement to compensation benefits by a preponderance of the evidence. *Cf., inter alia, Mellaney v Fordmont Hotel,* 289 Mich 384, 389, 441; 286 NW 656 (1939); *Atherton v Fawcett,* 294 Mich 436, 438; 293 NW 708 (1940); and *Galac v Chrysler Corp,* 63 Mich App 414, 417-418; 235 NW2d 359 (1975).

This Court only reads the *McCoy* and *Lindsteadt* cases, cited by Member Hostettler, *supra,* for the long-standing legal proposition that inferences may be drawn from established facts.[3] In the case at bar, the ultimate factual issue is whether plaintiff Aquilina was disabled beyond November 13, 1973, due to an industrial injury occurring either December 18, 1970, or August 3, 1972. The plaintiff must establish a continuing work-related disability by a *preponderance of the evidence* in order to qualify for continuing benefits.

In making this determination, the board may draw certain inferences from the evidence.

"[T]he issue must be resolved upon the whole body of

[2] We must make it clear, however, that we are *only* addressing the issue of what is the proper *burden of proof* in a workers' compensation proceeding. We recognize that the legal standards vary greatly between civil judicial proceedings and administrative law proceedings.

We also recognize that as to some specific issues such as willful and intentional misconduct, physical recovery, development of new and different wage-earning capacity and termination of dependency status (for example), the employer has the burden of proof. In these instances, the employer's burden of proof is also a preponderance of the evidence.

[3] Specifically, *Lindsteadt* affirmed the proposition that, upon review, this Court will not undertake to weigh the facts when there is competent evidence to support the findings of fact made by the board.

However, *Lindsteadt* held that the burden of proving the essential elements in such a proceeding rests on the claimant.

proof pro and con; and if it permits an inference either way upon the question * * * , the [trier of fact] and he alone is empowered to draw the inference; his decision as to the weight of the evidence may not be disturbed by the court." *Del Vecchio v Bowers,* 296 US 280, 287; 56 S Ct 190; 80 L Ed 229 (1935).

Similarly, see, *Mellaney v Fordmont Hotel, supra,* 389-390.

In the last analysis, the trier of fact in compensation matters is charged with the same responsibility as the trier of fact in civil proceedings:

"I shall now explain to you the burden of proof which the law places on the parties to establish their respective claims. When I say that a party has the burden of proof, or, in this connection, use the expression 'if you find' or 'if you decide,' I mean the evidence must satisfy you that the proposition on which that party has the burden of proof has been established by evidence which outweighs the evidence against it. You must consider all the evidence regardless of which party produced it." SJI 21.01.

## II

This Court also holds that, because Members Beitner and Woods chose only to concur in the result, the controlling opinion written by Member Hostettler is not a majority *decision* setting forth the findings of fact in this case as required by the Worker's Disability Compensation Act of 1969:

"A matter pending on review shall be assigned to a panel of 5 members of the board for disposition * * * . The decision reached by a majority of the assigned 5 members shall be the final decision of the board. If a majority of the assigned 5 members are unable to agree, the matter shall be reviewed by the entire workmen's

compensation appeal board." MCL 418.261(2); MSA 17.237(261)(2).

Michigan's appellate courts are charged with the responsibilities of (1) reviewing questions of law involved in any final order of the appeal board, (2) determining whether there is any fraud associated with the findings of fact made by the appeal board, and (3) deciding whether there is any competent evidence in the record to support the findings of fact made by the appeal board. MCL 418.861; MSA 17.237(861).[4] However, our appellate courts cannot discharge their responsibilities unless the appeal board properly articulates its findings of fact.

On several occasions, our Court has stressed this requirement. In *DeGeer v DeGeer Farm Equipment Co*, 391 Mich 96, 101; 214 NW2d 794 (1974), we stated:

"In order to allow the appellate courts to properly perform the review function we remind the appeal board that:

" 'We cannot * * * review the findings of the board as a question of law if * * * it has done nothing more than to present us with a conclusory finding in the form of the statutory language. We need to know the path the board has taken through the conflicting evidence. The appeal board should indicate the testimony adopted, the standard followed and the reasoning it used in reaching its conclusion.' "

In *Steel v Suits News Co*, 398 Mich 171, 177-178; 247 NW2d 284 (1976), we opined:

---

[4] The "any competent evidence" standard is the standard by which reviewing courts evaluate the findings of fact made by the appeal board. It is *not* the standard to be employed by the hearing referee or board itself. See *Sanford v Ryerson & Haynes, Inc*, 396 Mich 630, 634; 242 NW2d 393 (1976).

"The board found 'the stroke to be a compensable happening.' For us properly to review this conclusion, we must have the facts and a clear conclusion that the employment did or did not cause or contribute to the injury. We cannot discharge our review function if the facts are imprecisely or unclearly stated."

To our statements in *DeGeer* and *Steel,* we must now add that we cannot discharge our reviewing responsibilities unless a *true* majority reaches a decision based on stated facts. A decision is not properly reviewable when some of the majority concur only in the result and do not state the facts upon which that result is based.[5] We must ask the board members to make a finding regarding all critical or crucial facts as well as the result when they choose not to sign the controlling opinion.

We would also encourage concurring board members to articulate whether or not they agree with the legal standard and the rationale employed in reaching the decision. While we are mindful that this process of articulation may prove burdensome at times, it will most certainly assist the appellate courts of this state in effectively discharging their responsibilities in these matters.

The order of the Workers' Compensation Appeal Board is vacated. This case is remanded to the board for proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY, JR., J.

---

[5] Insofar as *Kozlowski v Chrysler Corp,* 54 Mich App 100; 220 NW2d 319 (1974), *reversed and remanded on other grounds,* 394 Mich 101; 228 NW2d 781 (1975), is read as holding the opposite, that case stands overruled.