# Order

Michigan Supreme Court
Lansing, Michigan

December 9, 2011

141858

TORME C. FINDLEY,
   Plaintiff-Appellee,

v

DAIMLERCHRYSLER CORPORATION,
n/k/a CHRYSLER GROUP L.L.C.,
   Defendant-Appellant.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141858
COA: 291402
WCAC: 08-000112

On October 4, 2011, the Court heard oral argument on the application for leave to appeal the August 24, 2010 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REINSTATE the March 12, 2009 order of the Workers' Compensation Appellate Commission (WCAC). The Court of Appeals erred in concluding that *Aquilina v General Motors Corp*, 403 Mich 206 (1978), remained valid after the 1985 amendments to the Worker's Compensation Disability Act, MCL 418.101 *et seq*.

In contrast with the statutory mechanism in place at the time *Aquilina* was decided, the WCAC is now required to treat as conclusive the factual findings of the magistrate where those findings are "supported by competent, material, and substantial evidence on the whole record." MCL 418.861a(3). Because the WCAC must now give deference to the magistrate's factual determinations, and may no longer engage in *de novo* fact finding, a WCAC decision does not require a "true majority" "decision based on stated facts." *Aquilina*, 403 Mich at 214.

CAVANAGH, J. (*dissenting*).

I respectfully dissent from the majority's decision to reverse the judgment of the Court of Appeals. Plaintiff was allegedly injured at work and subsequently filed a worker's compensation claim, which was denied by the magistrate. The Workers' Compensation Appellate Commission (WCAC) later affirmed in a split decision, where one commissioner issued the lead opinion, the second commissioner concurred only in the lead opinion's result, and the third commissioner dissented. Plaintiff appealed and

the Court of Appeals, relying on MCL 418.274(8) and *Aquilina v General Motors Corp*, 403 Mich 206 (1978), vacated and remanded for issuance of a "true majority" decision. *Findley v DaimlerChrysler Corp*, 289 Mich App 483 (2010).

In my view, the Court of Appeals did not clearly err in applying *Aquilina* under the facts of this case. In *Aquilina*, the Court held that where two members of the predecessor to the WCAC concurred only in the result of what was designated as the "controlling opinion," the opinion was not a "majority *decision*" as required by the Worker's Disability Compensation Act of 1969. *Aquilina*, 403 Mich at 212. Notably, in rendering its holding, *Aquilina* focused on the review responsibilities of appellate courts, see *id*. at 213-214, explaining that appellate courts "cannot discharge [their] reviewing responsibilities unless a *true* majority reaches a decision based on stated facts," and specifically noting that "[a] decision is not properly reviewable when some of the majority concur only in the result and do not state the facts upon which that result is based." *Id*. at 214.[1] Although the 1985 legislative amendments brought reforms to the Worker's Disability Compensation Act, as the Court of Appeals recognized, the review function of appellate courts remains the same. See, e.g., *Holden v Ford Motor Co*, 439 Mich 257, 262 (1992). And, even after the legislative amendments, this Court has generally recognized the importance of a "carefully constructed opinion by the WCAC" in facilitating appellate review. *Id*. at 268-269. Thus, under the facts of this case, I do not believe that the Court of Appeals clearly erred in applying *Aquilina* where, as in *Aquilina*, a commissioner in the majority did not issue a separate opinion but, instead, concurred only in the result reached by the lead opinion. Accordingly, I would deny leave to appeal.

MARILYN KELLY, J., joins the statement of CAVANAGH, J.

HATHAWAY J. (*dissenting*).

I dissent from the majority's decision in this matter. Leave to appeal was not granted in this case. Having reviewed the limited briefing and having heard limited oral argument, I would grant leave to appeal because I believe that the Court would benefit from plenary review of the issues before rendering a decision.

---

[1] In order to assist appellate courts in "effectively discharging their responsibilities," *Aquilina* further encouraged concurring board members to articulate whether they agree with the legal standards and rationale applied in reaching the decision. *Aquilina*, 403 Mich at 214.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 9, 2011

_____
Clerk

t1130