JOHNSON v. VIBRADAMP CORPORATION.

1. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS OF FACT.
  Neither the Supreme Court nor the Court of Appeals may override findings of fact made by workmen's compensation appeal board or make new findings of fact (CL 1948, § 413.12).

2. SAME—REVIEW OF AWARD BY SUPREME COURT.
  The function of the Supreme Court on review of workmen's compensation awards is to determine whether the award made by the statutory administrator is unfounded as a matter of law (CL 1948, § 413.12).

3. SAME—COMPENSABLE INJURY—BACK INJURY—FUNCTIONAL OVERLAY.
  Rule that occupationally incurred injury to the body or shock to the nervous system which causes disability or death is a com-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 532, 534.
[3] 58 Am Jur, Workmen's Compensation § 242 *et seq.*

pensable injury within the terms of the workmen's compensation act applies to back injury followed by functional overlay.

Appeal from the Court of Appeals, Division 2, Lesinski, C. J., and Quinn and Burns, JJ., reversing Workmen's Compensation Appeal Board. Submitted March 6, 1968. (Calendar No. 21, Docket No. 51,791.) Decided November 11, 1968.

6 Mich App 713, reversed.

Gearold Johnson presented his claim for workmen's compensation against Vibradamp Corporation, a Michigan corporation, and Travelers Insurance Company, a Connecticut corporation, its insurer, as well as the successors to the employer corporation, including Presstite Division of Inter-Chemical Corporation, an Ohio corporation, and Liberty Mutual Insurance Company, a Massachusetts corporation, its insurer. The hearing referee entered an award for total disability benefits against Vibradamp and Travelers, and an award for medical expenses against Presstite and Liberty Mutual, leaving open the question of the liability of the latter two defendants for disability benefits upon proper termination of the liability of Vibradamp and Travelers. Plaintiff and defendants Vibradamp and Travelers appealed. The Workmen's Compensation Appeal Board affirmed, with modification. Defendants Presstite and Liberty Mutual appealed to Court of Appeals. Reversed by Court of Appeals. Plaintiff appeals. Reversed and award affirmed.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Troff, Lilly, Bonow, Piatt & File (John D. Doyle,* of counsel), for defendants.

PER CURIAM. The decisive facts appear comprehensively in the opinion below. 6 Mich App 713.

We said unanimously, in *Mitchell* v. *Metal Assemblies, Inc.* (1967), 379 Mich 368, 370:

"The sole question on review by the Court of Appeals, and in turn here, is 'whether there is any evidence to support the award.' *Meyers* v. *Michigan Central R. Co.,* 199 Mich 134, 137, 138; *Thornton* v. *Luria Dumes Co-Venture,* 347 Mich 160, 162; *Coates* v. *Continental Motors Corporation,* 373 Mich 461, 467. 'Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof.' (*Thornton* at 162)."

Neither this Court nor the Court of Appeals may rightfully override findings of fact made by the appeal board, when those findings are supported by proof.[1] Nor may either Court make new findings of fact. Here the appeal board found, citing particularly the testimony of medical witness Stolberg:

"Plaintiff's examining physician found a hernia in 1964, which plaintiff alleged was due to the September 1963 work since he had done nothing since that could be reasonably appointed as the cause thereof. He also argued that this proved the nature of the work and was an indicator that the work did cause back aggravation. We have already dismissed this second contention on the basis of the medical testimony but do accept the argument that the work in September is the logical precursor of the hernia, plaintiff having begun work with a relaxed ring and not having been active thereafter. Present disability is not attributable to this hernia, and the referee is correct in assessing responsibility as may become necessary. Besides finding a personal injury of September, 1963, based on the hernia, the

---

[1] See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).—REPORTER.

referee also attributed a present functional overlay to Presstite and Liberty Mutual. Dr. Stolberg testified: (Here follows extended quotation of Dr. Stolberg's testimony). * * *

"To our reading, and from the above-quoted testimony of Dr. Stolberg, we find that plaintiff did suffer an aggravation of his back injury on and after January 14, 1964, when the overlay began. Although physical and neurological symptoms were constant, as was his heart condition, plaintiff was not returned to work and deteriorated rapidly thereafter from an increase in subjective symptoms due to the overlay. To us it seems logical that if the doctor released plaintiff in December to return to light work, he was at the stage he was when he returned to work September 11. The testimony indicates no back change nor heart worsening. However, he was not returned to work by Presstite and disability benefits are assessable therefor.

"Since plaintiff was not returned to work in December, 1963, we conclude his wage loss was due to the 1956 injury. The mistake made here is that failure to return plaintiff to work caused the new overlay and creates a problem that a recall to work would not now be possible for plaintiff.

"We agree with the referee that no benefits may presently be paid on the overlay, which would be a basis for disability presently, as plaintiff cannot collect double payments. However, medical care to cure the overlay should be provided if advisable and is chargeable to Presstite Division and Liberty Mutual Insurance Company.

"We affirm the referee's decision with the modification that the September, 1963, injury is in actuality January, 1964."

These findings are of course disputed by other proof. Our obligation nonetheless is to accept them and, having done so, to determine whether the award made by the appointed statutory administrator is

unfounded as a matter of law.  Not so here.  The rule applicable to the facts as found appears in *Redfern* v. *Sparks-Withington Co.* (1958) 353 Mich 286, 299:

"In this State, the rule is well established by a line of authority dating from 1922 that where occupationally-incurred injury to the body and/or shock to the nervous system produces a neurosis resulting in disability or death, it is compensable.  *Klein* v. *Len H. Darling Co.*, 217 Mich 485; *Cazan* v. *City of Detroit*, 279 Mich 86; *Laichalk* v. *Chicago Pneumatic Tool Co.*, 308 Mich 298; *Hayes* v. *Detroit Steel Casting Co.*, 328 Mich 609."[2]

Reversed and remanded for entry of judgment upholding the award as made.  Costs of both courts to plaintiff.

Dethmers, C. J., and Kelly, Black, T. M. Kavanagh, O'Hara, Adams, and T. E. Brennan, JJ., concurred.

---

[2] *Redfern* was expressly followed on this point in *Carter* v. *General Motors Corp.* (1960), 361 Mich 577, 585.