## LIZUT v PEERLESS NOVELTY COMPANY

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—STANDARD OF RE-
   VIEW.

   The test in an appeal of a decision of the Workmen's Compensa-
   tion Appeal Board is not whether the Court of Appeals, sitting
   as a fact-finder, would find to the contrary, but whether the
   appeal board correctly understood the law and whether there is
   evidence to support the findings of fact.

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—EVIDENCE—WORK-
   RELATED INJURIES.

   A decision of the Workmen's Compensation Appeal Board which
   denied benefits to a claimant was proper and based on a
   permissible finding where there was substantial conflict in the
   evidence regarding whether the claimant had suffered a work-
   related injury.

### DISSENT BY R. B. BURNS, J.

3. WORKMEN'S COMPENSATION—APPEAL AND ERROR—QUESTION OF
   LAW—STANDARD OF REVIEW.

   *The Court of Appeals, in order to review the findings of the
   Workmen's Compensation Appeal Board as a question of law,
   must know the testimony adopted, the standard followed, and
   the reasoning employed by the board in reaching its conclusion.*

4. WORKMEN'S COMPENSATION—FINDINGS OF FACT—SUPPORT IN REC-
   ORD.

   *A mere statement by the Workmen's Compensation Appeal Board
   that a claimant "is not disabled" is insufficient to support a
   denial of benefits where it is not explained or otherwise related
   to any testimony quoted in the board's opinion.*

### REFERENCE FOR POINTS IN HEADNOTES
[1–6] 82 Am Jur 2d, Workmen's Compensation §§ 616, 631, 634.

5. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDINGS OF
    FACT—SUPPORT IN RECORD.

> The Court of Appeals is mandated to affirm the Workmen's
> Compensation Appeal Board's findings of fact only when those
> findings are supported by proof.

6. WORKMEN'S COMPENSATION—FINDINGS OF FACT—SUPPORT IN REC-
    ORD—WORK-RELATED INJURY.

> A conclusion of the Workmen's Compensation Appeal Board that
> a claimant did not suffer an injury at work is not supported by
> the record where none of the testimony relied upon by the
> board relates to the events occurring on the date of injury but
> deals instead exclusively with the subsequent medical status of
> the claimant.

Appeal from Workmen's Compensation Appeal Board. Submitted January 5, 1977, at Grand Rapids. (Docket No. 28015.) Decided February 28, 1977. Leave to appeal denied, 400 Mich —.

Claim by Lois Lizut against Peerless Novelty Company and Allstate Insurance Company for workmen's compensation. Benefits granted. The Workmen's Compensation Appeal Board reversed. Plaintiff appeals by leave granted. Affirmed.

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock* (by *Timothy J. Bott*), for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendants.

Before: BEASLEY, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

BEASLEY, P. J. Plaintiff appeals from a decision of the Workmen's Compensation Appeal Board denying her benefits for an alleged back injury received on or about November 16, 1970.

The decision of the appeal board reversed findings of an administrative law judge which granted benefits to plaintiff.

This is the kind of close case where the temptation is great to substitute the judgment of an appellate court for that of the Workmen's Compensation Appeal Board. This is particularly so where, as here, the appeal board voted 3–2 to reverse the administrative law judge. But to substitute our judgment would be contrary to the law.

The 1963 Michigan Constitution provides:

"Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." Const 1963, art 6, § 28.

This is strong, unequivocal language. This constitutional provision is implemented by § 861 of the workmen's compensation statute which provides:

"The findings of fact made by the board acting within its powers, in the absence of fraud, shall be conclusive. The court of appeals and the supreme court shall have power to review questions of law involved in any final order of the board, if application is made by the aggrieved party within 30 days after such order by any method permissible under the rules of the courts of the laws of this state." MCLA 418.861; MSA 17.237(861).

In the case at bar, the appeal board found that the claimant did not sustain a work-related injury on November 16, 1970, and, therefore, denied benefits to her. There was substantial conflict in the evidence. The appeal board has recited the testimony they choose to believe and upon which their decision is based. The test is not whether we, sitting as a fact-finder, would find to the contrary; rather, the test is whether the appeal board correctly understood the law and whether there is evidence to support their findings of fact. *DeGeer v*

*DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974).

The appeal board interpreted the law correctly; if no work-related injury occurred on or about November 16, 1970, plaintiff was not entitled to benefits. No purpose would be served by our reciting the testimony included in the 43 pages comprising a decision of the majority. We would be doing exactly what we are precluded from doing, namely, evaluating and weighing the facts. The appeal board chose to believe evidence which indicated that a work-related injury did not occur on November 16, 1970. It was a permissible finding on this record.

Affirmed.

J. H. Gillis, J., concurred.

R. B. Burns, J. *(dissenting).* Plaintiff appeals from the reversal by the Workmen's Compensation Appeal Board of an administrative law judge's decision granting her benefits for a back injury received at work on November 16, 1970.

Plaintiff claimed to have been injured while lifting several 150 to 200 pound barrels with her foreman. She continued to work off and on for about two weeks, and finally quit work and sought medical attention about December 4, 1970.

Plaintiff was referred by the company physician to Dr. TenPas, an orthopedist. Dr. TenPas initially diagnosed plaintiff's injury following an examination on February 8, 1971, as follows: "Impression: Acute paravertebral muscle strain, healing. Low-back strain, with possible incomplete rupture of lumbosacral disc."

Plaintiff's employer, Peerless Novelty Company, filed a Form 100, Report of Injury, dated December

15, 1970, on January 4, 1971. It listed date of injury as approximately 11/16/70, last day worked as 12/4/70, nature of injury as "strained back muscles", "right side of back", caused by "lifting barrels of Ford buckets with the foreman". Compensation was paid voluntarily from November 24, 1970.

Dr. TenPas saw plaintiff on numerous occasions after the February 8, 1971, diagnosis. Her condition fluctuated between better and worse. On October 14, 1971, she was so improved that the doctor recommended that she return to work but not lift over 20 to 30 pounds. Plaintiff had a recurrence of back pain after that visit and saw the doctor again on November 1, 1971, stating that she had spent the previous week or two in bed. On December 6, 1971, the orthopedist recorded a "degeneration of a lumbosacral disc, which was improving". He saw her on December 27, 1971, and recommended that she return to light work on January 10, 1972. Plaintiff's condition recurred and steadily worsened until her January 28, 1972, visit to the doctor, at which time she reported an inability to do usual housework. At this appointment the doctor suggested that she consult another orthopedist and that she consider corrective disc surgery.

On April 24, 1972, an investigator hired by the defendant insurance carrier informed Dr. TenPas that plaintiff had been bowling regularly since September, 1971. The doctor called plaintiff the next day and informed her that if she was able to bowl that she should be able to return to favored employment.

Plaintiff planned to return to work about May 1, 1972, but was unable to do so because she became lightheaded. She did return to work but did not remain as she was afraid that she would be re-

quired to do heavy lifting. Dr. TenPas called her foreman who informed him that plaintiff's normal work did not entail any heavy lifting. The doctor concluded: "I felt that on this basis, it would be safe for her to return to work, as long as she didn't lift more than about 16 pounds."

Compensation was terminated on March 28, 1972, upon the employer's conclusion that plaintiff was "recovered from disability". She filed a petition for hearing on July 13, 1972, listing injury dates as November 16, 1970, and May 9, 1972, and maintaining "injuries to back, legs and nervous system".

A hearing was held before the administrative law judge on June 12, 1973. On June 14, 1973, the judge entered a decision granting an open award to plaintiff. Defendants appealed. In three opinions and by a vote of 3 to 2 the appeal board reversed the award and denied all benefits on February 20, 1976. Plaintiff has appealed by leave granted to this Court. I have concluded that the appeal board should be reversed.

For the Court of Appeals to review the findings of the appeal board as a question of law, we need to know the testimony adopted, the standard followed, and the reasoning employed by the board in reaching its conclusion. *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 101; 214 NW2d 794, 796 (1974). As in *Leskinen v Employment Security Commission,* 398 Mich 501; 247 NW2d 808 (1976), a mere statement by the appeal board that the plaintiff "is not disabled" is insufficient where not explained or otherwise related to any testimony quoted in the opinion. "While it is not our function to weigh evidence before the appeal board, we believe the board should attempt to explain its decisions based on all the evidence before it."

*Lamb v John's Tavern,* 37 Mich App 678, 681–682; 195 NW2d 278, 280 (1972). We are only mandated to affirm the appeal board's findings of fact "when those findings are supported by proof". *Johnson v Vibradamp Corp,* 381 Mich 388, 390; 162 NW2d 139, 140 (1968).

Member Marshall's controlling opinion is clearly inadequate. He concluded as follows: "I just do not believe that plaintiff ever injured herself or that she developed a disabling back condition because of her employment activities, as alleged." As indicated above, however, there is extensive medical testimony in the record and none of it even remotely hints that plaintiff "faked" the original injury. Member Marshall instead dwells exclusively on the subsequent medical status of plaintiff with a particular concern about the fact that plaintiff went bowling. *None* of the testimony supporting the controlling opinion touches on what happened at work on or about November 16, 1970. The conclusion that plaintiff never suffered an injury at work is totally unsupported by the record. I would reverse and remand for the appeal board to more adequately evaluate plaintiff's claims of physical and functional disability suffered on November 16, 1970, and May 9, 1972, and to ascertain whether or not plaintiff has recovered from disability, and, if so, when.