SOBH v FREDERICK & HERRUD, INC

HILL v AWREY BAKERIES, INC

Docket Nos. 121568, 124241. Submitted December 4, 1990, at Detroit. Decided May 6, 1991, at 9:55 A.M. Leave to appeal sought.

Ahmad Sobh claimed workers' compensation benefits for a mental disability which allegedly arose in the course of his employment by Frederick & Herrud, Inc. The claim was initially denied by a hearing referee, but was subsequently granted by the Workers' Compensation Appeal Board, which determined that the plaintiff was mentally disabled because his perception of actual events of employment aggravated, accelerated, and contributed to his underlying emotional weakness in a significant manner. The employer was granted leave to appeal.

Vanessa Hill was granted an open award of workers' compensation benefits by a workers' compensation hearing referee for total mental disability arising from employment with Awrey Bakeries, Inc. The Workers' Compensation Appeal Board modified the decision, granting an open award for partial mental disability and determining that certain incidents at the plaintiff's place of employment, although minor to someone who unlike the plaintiff, was not predisposed to mental disability, were significant to the plaintiff's development of a psychiatric disability. The employer was granted leave to appeal.

The appeals were consolidated in the Court of Appeals. The Court of Appeals *held:*

The appeal board erroneously applied the "honest perception" standard of causation in these cases. Under MCL 418.301(2); MSA 17.237(301)(2), as amended by 1980 PA 357, mental disabilities are compensable where they arise out of or are significantly contributed to, aggravated, or accelerated by actual events of employment, not unfounded perceptions.

1. In *Sobh,* the record is devoid of evidence showing that the plaintiff's employment contributed to his condition in a significant manner. The appeal board erred in awarding benefits.

2. In *Hill,* the appeal board erred in concluding that the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 292, 301.

Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.

plaintiff's employment contributed to her mental condition in a significant manner. The plaintiff is not a person who, because of unusual, objective, and highly stressful events at work, became mentally disabled. Rather, she is a person who previously suffered from and was treated for mental disabilities, and it cannot be objectively stated that the minor aggravation of her mental condition by her employment was significant.

Reversed.

WORKERS' COMPENSATION — MENTAL DISABILITIES.

Mental disabilities are compensable under the Workers' Disability Compensation Act where they arise out of or are significantly contributed to, aggravated, or accelerated by actual events of employment, not unfounded perceptions (1980 PA 357, MCL 418.301[2]; MSA 17.237[301][2]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for Ahmad Sobh and Vanessa Hill.

*Murray R. Feldman,* for Frederick & Herrud, Inc.

*Lacey & Jones* (by *Michael T. Reinholm*), for Awrey Bakeries, Inc.

Before: HOLBROOK, JR., P.J., and WAHLS and T. G. KAVANAGH,* JJ.

HOLBROOK, JR., P.J. In *Sobh v Frederick & Herrud, Inc,* defendant appeals by leave granted from a decision of the Workers' Compensation Appeal Board awarding plaintiff Ahmad Sobh workers' compensation benefits.

In *Hill v Awrey Bakeries, Inc,* defendant appeals by leave granted from a decision of the WCAB modifying plaintiff Vanessa Hill's open award for total disability to an open award for partial disability.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Although factually unrelated, both appeals present the common issue of the WCAB's application of the "honest perception" test announced in *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1; 268 NW2d 1 (1978), in light of its invalidation by MCL 418.301(2); MSA 17.237(301)(2), as amended by 1980 PA 357. We reverse the decision of the WCAB in both cases.

MCL 418.301(2); MSA 17.237(301)(2), as amended, provides:

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Mental disabilities shall be compensable when arising out of actual events of employment, not unfounded perceptions thereof.

Before the amendment added by 1980 PA 357, mental disabilities were adjudged under the "honest perception test" set forth in *Deziel*. Briefly stated, *Deziel* held that referees, in conjunction with the appeal board, remained charged with determining (1) whether the worker/claimant was disabled and (2) whether a personal injury (a precipitating work-related event) occurred. A subjective causal nexus standard was to be utilized in deciding whether the claimant's employment combined with some internal weakness or disease to produce the disability. An affirmative answer, supported by the record, to all three of these inquiries was required before compensation could be awarded. *Id.*, p 37. Under this subjective causal nexus standard, a claimant was entitled to compensation if it was factually established that the claimant "honestly perceived" some personal injury incurred during the ordinary work of the

claimant's employment caused the disability. *Id.,* p 26.

The Legislature, however, invalidated this test with the adoption of MCL 418.301(2); MSA 17.237(301)(2), thus effecting a substantive change in the law. *Hurd v Ford Motor Co,* 423 Mich 531, 534; 377 NW2d 300 (1985). The amended statute was made applicable to personal injuries occurring on or after January 1, 1982. *Id.,* p 535. Although in a footnote the Court indicated it was not deciding whether the amendment impliedly repealed the "honest perception" standard of causation in mental disability cases because it was not dispositive of the case before it, there can be no conclusion but that the statute did, in fact, repeal the standard. By finding that § 301(2) effected a substantive change in the law by invalidating the decision in *Deziel,* no other conclusion is possible.

Thus, we conclude that it was error for the WCAB to apply the "honest perception" standard in these cases. Rather, mental disabilities are compensable if "contributed to or aggravated or accelerated by the employment in a significant manner" and they arise "out of actual events of employment, not unfounded perceptions thereof." Having so concluded, we turn now to the individual merits of each appeal before us.

### *SOBH v FREDERICK & HERRUD, INC*

Plaintiff's injury stems from an incident which occurred on March 12, 1982. After working his regular shift as a machine rib cutter in a meat plant on that day, plaintiff was required to work two more hours without a break. He became dizzy and nervous and fell. Defendant's plant doctor examined plaintiff and told him to go to his personal physician. Plaintiff was taken by his brother to see Dr. El-Yamani.

Plaintiff returned to the plant on March 31, 1982, to return the sickness and accident benefits claim form which had been filled out and signed by Dr. El-Yamani. Plaintiff, who does not speak English, conversed with Jake Bitener from defendant's personnel department through an interpreter. Plaintiff claims that he was told that if he would change the form to say he was not hurt on the job, he would be paid. Plaintiff felt that unless he changed the paper, there would be no money and he would not be paid. Mr. Bitener testified that he never attempted to get plaintiff to lie on the form or to change it but was attempting to explain to plaintiff that if the form indicated the injury or illness was caused by his employment, the insurance carrier would refuse to pay sickness and accident benefits. Plaintiff claimed that the entire incident left him feeling nervous and pressured.

The hearing referee denied the claim, finding that plaintiff had "not sustained the burden of proof of any work-related compensable injury." In a split decision, the wcab reversed the decision of the hearing referee and found "that under the 'objective' standard of § 301(2) plaintiff is disabled due to his valid perceptions of 'actual events of employment' which aggravated, accelerated and contributed to his underlying emotional weakness in a 'significant manner.'" The wcab arrived at this finding after determining that § 301(2) was to be applied in conjunction with the three-step *Deziel* test.

The wcab's opinion is, however, devoid of evidence or specific facts or circumstances which would show that plaintiff's work contributed to his condition or why an objective person would find this significant. Rather, the entire analysis is based on the perceptions of plaintiff. In light of our

earlier analysis of § 301(2) and our holding that the amended statute invalidates the *Deziel* standard, we reverse the decision of the WCAB and reinstate the decision of the hearing referee denying plaintiff benefits.

### *HILL v AWREY BAKERIES, INC*

Plaintiff was employed by defendant as a dish and pan washer. The process is a two-person operation where one worker loads the washing machine with dirty pans and the other unloads. By its nature, the work creates a hot and humid environment. Plaintiff began to experience a problem with her co-workers' attitudes, creating stress for her. She felt their attitudes, as well as their actions, were preventing her from getting the necessary amount of work done. To make up for this, plaintiff would work through her breaks and sometimes stay late.

In 1981, plaintiff was struck on her left side when a stack of pans slipped out of her hands. The WCAB later determined this caused plaintiff, at worst, minor physical injuries. During her medical leave, plaintiff was hospitalized and treated for nervousness, stomach pains, and hallucinations. Although plaintiff attributed her condition only to physical conditions, the WCAB found on an objective basis that she was psychiatrically disabled even though she did not "honestly perceive" herself to be so. The WCAB determined that certain real incidents at her employment, although minor to someone not predisposed to mental disability as plaintiff was, were "significant" to plaintiff's development of her current psychiatric condition.

The WCAB's application of the "significant manner" language in this instance is flawed. The statute requires that it be construed on an objective

basis. The hypersensitive employee is not entitled to compensation for mental disability where events which occur at work are insignificant in the overall psychiatric scheme. Plaintiff is not an individual who, because of unusual, objective, and highly stressful events at work, became mentally disabled. Rather, she is an individual who previously suffered from and was treated for mental disabilities, and it cannot be objectively stated that the minor aggravation of her mental condition caused by her employment was "significant." We therefore reverse the decision of the WCAB because plaintiff has failed to carry her burden of establishing a compensable case under the statute.

Given our resolution of plaintiff's first issue, we need not address the second issue she raised.

Reversed.