BACHULA v GENERAL MOTORS CORPORATION

Docket No. 123368. Submitted April 16, 1991, at Lansing. Decided September 4, 1991, at 9:05 A.M. Leave to appeal sought.

Dennis J. Bachula sought workers' compensation from General Motors Corporation, alleging a psychiatric disability. A hearing referee denied benefits, but the Workers' Compensation Appeal Board reversed and awarded benefits, finding a disabling work-related personal injury. General Motors appealed.

The Court of Appeals *held:*

The WCAB applied the proper legal standard. The record supports the determination that there was a disability, that there were actual precipitating work-related events, and that the plaintiff's employment caused mental disability or aggravated or accelerated his disability in a significant manner.

Affirmed.

1. WORKERS' COMPENSATION — WORK-RELATED INJURIES.

To receive workers' compensation benefits for a work-related injury, a claimant must prove by a preponderance of the evidence a disabling injury or disease that is work-related and that the work either caused the disability or aggravated the condition in a significant manner (MCL 418.301[2], 418.401[2] [b]; MSA 17.237[301][2], 17.237[401][2][b]).

2. WORKERS' COMPENSATION — WORK-RELATED INJURIES — PSYCHIATRIC INJURIES.

The standard applicable to whether a psychiatric disability arising out of an injury that occurred after January 1, 1982, is compensable under the Workers' Disability Compensation Act requires that the claimant show: a disability; an actual personal injury in the form of a precipitating work-related event, including physical trauma, mental stimulus, or continuing mental stimuli; and that events of employment caused the mental disability or contributed to, aggravated, or accelerated

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 240, 301.

Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.

the disability in a significant manner (MCL 418.301[2], 418.401[2][b]; MSA 17.237[301][2], 17.237[401][2][b]).

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for the plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for the defendant.

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

PER CURIAM. This is a workers' compensation case in which the nature of the claimed disability is "nerves" caused by "stressful activities as a committeeman which precipitated nervous condition." The petition for hearing further claimed that when plaintiff lost his bid for reelection as a committeeman and returned to work, he was in "an environment that did not like ex-committeemen" and that this environment "further aggravated his condition to the point of disability."

The hearing referee judge denied benefits, but the Workers' Compensation Appeal Board reversed, finding that plaintiff proved a disabling work-related personal injury. We affirm.

I

This case involves a claimed psychiatric disability. Plaintiff's burden of proof is established by case law and by statute. Plaintiff must show, by a preponderance of the evidence, that he suffers from a disabling injury or disease that is work-related. *Aquilina v General Motors Corp*, 403 Mich 206, 210-211; 267 NW2d 923 (1978). In addition, he must also show that his work either caused his disability or aggravated his condition in a "signifi-

cant manner." MCL 418.301(2); MSA 17.237(301)
(2); MCL 418.401(2)(b); MSA 17.237(401)(2)(b).

As noted, the WCAB found plaintiff disabled, a
factual determination that must be affirmed if
there is any competent evidence in the record to
support it. *Aquilina, supra,* p 213. There is ample
evidence in the record to support the finding of
disability, including plaintiff's own testimony and
the expert witness testimony of a psychologist. The
WCAB found the psychologist's testimony more per-
suasive and credible than that of a psychiatrist
who also testified.

The WCAB correctly cited the statutory standard
for determining the compensability of a mental
disorder. The WCAB found that actual, specific
incidents at work occurred that contributed to,
aggravated, or accelerated plaintiff's disability in a
significant manner. In so finding, the WCAB relied
on the testimony of plaintiff, whom the board
found to be credible, saying, "We are not pre-
sented with any testimony or exhibits that would
cloud plaintiff's credibility." Indeed, defendant did
not offer any witnesses at trial, presenting only
the deposition testimony of the psychiatrist.

The events of employment relied on by the WCAB
to reach its conclusion of work-related disability
included plaintiff's unrebutted testimony that a
supervisor bragged that he would fire black em-
ployees[1] and that black employees were fired.
Plaintiff observed a friend and co-worker re-
strained and removed from the work area. The
man later committed suicide. The WCAB also cited
pressures associated with plaintiff's work as a
committeeman, threats from employees, and
health and safety hazards of the job as events of

---

[1] Although there is no direct evidence in the record with regard to
plaintiff's race, the clear implication is that plaintiff is an African-
American.

employment that contributed to disability in a significant manner.

## II

On appeal, defendant argues that the WCAB applied an improper legal standard in concluding that there was a significant relationship between plaintiff's disability and the events of employment, and that the WCAB is obliged to examine all factors contributing to disability in assessing whether events of employment contributed in a "significant manner" to the disability.

## III

In addressing the legal-standard issue, defendant cites language from the WCAB opinion that suggests that the board relied on a hybrid standard, combining language from cases predating the statutory amendment effective January 1, 1982,[2] and the language of the statutes cited above that establish the standard applicable from January 1, 1982. In addition, the finding of a significant relationship between the events of employment and plaintiff's disability is claimed to be purely conclusory and without citation of any supporting evidence in the record. For these reasons alone, defendant argues, the case must be remanded to the WCAB for reconsideration and application of the correct legal standard to the facts.

## A

We disagree with defendant's reading of the opinion of the WCAB. The opinion tracks the legal

[2] Most notably, see the offending "honest perception" language of *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1, 26; 268 NW2d 1 (1978).

.standard to be applied in determining the compensability of a psychiatric disability and concludes with the determination that a three-pronged test must be imposed under the amended statute in order to reach a finding of a compensable psychiatric disability. The WCAB found the three-pronged test under the amended statute in effect for the dates of injury after January 1, 1982, to be:

> 1) The worker/claimant must be disabled.
>
> 2) A personal injury in the form of a precipitating work related event must have actually occurred, be it a physical trauma, a mental stimulus, or continuing mental stimuli. Specific incidents rather than general allegations of stress and anxiety are necessary to establish that actual employment events occurred and that the claim is not based on unfounded perceptions.
>
> 3) The event(s) of employment must cause the mental disability found, or contribute to, aggravate or accelerate the particular plaintiff's disability in a significant manner. In making that determination, it remains black-letter law that the employer takes the employee as he finds him.

This analysis of the legal standard applicable to plaintiff's claim in this case is consonant with that determined in two recent opinions of this Court. *Greenwood v Pontiac Bd of Ed,* 186 Mich App 389; 465 NW2d 362 (1990); *Iloyan v General Motors Corp,* 187 Mich App 595; 468 NW2d 302 (1991).

After correctly stating the legal standard to be applied, the appeal board went on to analyze the facts of this case in light of the three-pronged test articulated. The determinations of disability and of actual precipitating work-related events are findings supported by the record. Also supported by the record is the ultimate conclusion by the

wcab that "plaintiff's employment did cause mental disability or aggravate, accelerate, [sic] his disability in a significant manner." The appeal board cites testimony of the psychologist based on a thorough battery of psychological tests and a lengthy personal interview for the conclusion that the work-related events found to have occurred either caused plaintiff's mental disability or aggravated or accelerated it in a significant manner.

The psychologist acknowledged that it is possible that events outside the work setting also may have contributed to plaintiff's condition. However, when asked by plaintiff's counsel whether plaintiff's work environment aggravated his underlying condition in a significant way, she testified that, assuming plaintiff was being treated at work in the manner he described, she was very confident that there was a relationship between the work conditions and his basic underlying personality and that plaintiff's physical and psychological symptoms were consistent with her findings.

The psychologist's diagnosis was that of a dependent paranoid personality disorder with depressive features and suicidal ideation. She stated that plaintiff's work setting "increased the likelihood that he would manifest the behaviors that he's been manifesting" and that if he returned to the workplace his depressive behavior and anxiety would continue.

The wcab also relied on plaintiff's own testimony in reaching the conclusion that the work-related events aggravated or accelerated his disability in a significant manner.

It is true, and somewhat unfortunate, that the wcab opinion, in one brief line, refers to the honest perception of plaintiff that a personal injury at work caused his disability. In reading the opinion as a whole, we are led to the conclusion

that this reference amounts merely to an impreci-
sion in language and was not the basis of the
WCAB's decision. We specifically find that the WCAB
was aware of the correct legal standard to be
applied in this case and applied it properly to the
facts it found to have been established on the
record before it.

B

Defendant also argues that the "significant-man-
ner" standard requires review of all factors con-
tributing to mental disability, whether work-re-
lated or nonwork-related. We find this argument
to be unpersuasive. Defendant cites no authority
for this argument, and we find none in the statute
itself.

Numerous factors may contribute to psychiatric
disability, work-related and nonwork-related. Any
given factor may be significant or insignificant.
Combinations of work-related, nonwork-related,
significant and insignificant factors may cause,
contribute to, or aggravate disability. However,
under the statute, as long as a work-related factor
contributes to or aggravates disability in a signifi-
cant manner, the disability is compensable.

It is important to note in this case that defen-
dant did not defend on the basis that plaintiff was
disabled from nonwork-related factors. The defense
was that plaintiff was not disabled at all. As noted,
the only testimony offered by defendant was the
deposition of the psychiatrist hired to examine
plaintiff. The doctor's opinion was that plaintiff
was not suffering from any psychiatric illness and
that he was capable of performing "a wide variety
of . . . jobs . . . in the field of common labor."
Because the doctor concluded that plaintiff was not
disabled, he offered no testimony about factors,

work-related or otherwise, contributing to disability. We therefore find disingenuous the claim of defendant that it was error for the WCAB to fail to consider nonwork-related factors that might have contributed to disability in this case.

IV

Defendant's final contention is that, even assuming plaintiff sustained his burden of proving a disability significantly related to his employment, he forfeited his right to benefits by refusing an offer of reasonable employment. The WCAB did not address this issue. We note that defendant has utterly failed to present any proofs in support of this defense. The proofs cited in defendant's brief were presented by plaintiff and cannot be construed to establish that plaintiff was offered favored work.

Affirmed.