BOYLE v DETROIT BOARD OF EDUCATION

Docket No. 130188. Submitted May 20, 1992, at Lansing. Decided December 7, 1992, at 9:50 A.M. Leave to appeal sought.

Thomas Boyle sought workers' compensation from the Detroit Board of Education, alleging a mental disability. A hearing officer denied the claim, and the Workers' Compensation Appeal Board affirmed, holding that the stresses suffered by Boyle in his employment as a high school art teacher were those common to most teachers and did not constitute a work-related personal injury within the meaning of the Workers' Disability Compensation Act. Boyle appealed.

The Court of Appeals *held:*

The WCAB's findings of fact were supported by the record, and it applied the proper legal standard. Ordinary stresses of employment are not sufficient to establish the requisite actual work-related event to sustain a claim of a mental disability, even if those stresses result in a hypersensitive or idiosyncratic reaction by the claimant.

Affirmed.

JANSEN, J., dissenting, stated that the WCAB applied the wrong legal standard. The question is not whether similarly situated employees are able to deal with the stresses of employment, but rather whether this particular employee became mentally disabled as a result of actual events of employment that affected his condition in a significant manner. Because the WCAB found that the alleged events actually occurred, it should have considered whether the events caused Boyle to become mentally disabled.

1. WORKERS' COMPENSATION — WORK-RELATED INJURIES — UN-FOUNDED PERCEPTIONS OF MENTAL DISABILITY.

A person seeking benefits under the Workers' Disability Compensation Act for a mental disability must establish that the mental disability was aggravated or contributed to in a signifi-

REFERENCES

Am Jur 2d, Workers' Compensation §§ 339, 340.

Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.

cant manner by employment and arose out of an actual precipitating work-related physical trauma, event, or events, not merely an unfounded perception of the event (MCL 418.301[2], 418.401[2][b]; MSA 17.237[301][2], 17.237[401][2][b]).

2. Workers' Compensation — Work-Related Injuries — Ordinary Stresses of Employment — Mental Disabilities.

   Ordinary stresses of employment that exist in most jobs are not sufficient to form a basis for finding the requisite work-related injury to establish a mental disability within the meaning of the Workers' Disability Compensation Act; hypersensitive or idiosyncratic reactions to the ordinary stresses of employment do not provide a basis to sustain a claim for a mental disability (MCL 418.301[2], 418.401[2][b]; MSA 17.237[301][2], 17.237[401][2][b]).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*), for the plaintiff.

*Charfoos, Reiter, Peterson, & Holmquist, P.C.* (by *Daniel Peterson*), for the defendant.

Before: Doctoroff, C.J., and Jansen and Corrigan, JJ.

Doctoroff, C.J. The Workers' Compensation Appeal Board found that plaintiff had not proven a personal injury and therefore denied his claim for benefits based upon an alleged mental disability. We affirm.

Plaintiff was employed as a teacher for almost thirty years. For most of the last fifteen years of his employment with defendant, plaintiff worked as a high school art teacher. Plaintiff believed that the character and nature of the students he taught declined over the years. By the end of his tenure in 1983, his classes had a very high level of absenteeism, and he gave failing grades to a large percentage of his students. He found that many, if not most, of his students were rude, noisy, and

disrespectful, and he felt his classes were too crowded. He attributed the generally poor quality of his students to, among other things, curriculum changes that forced disinterested students to take art classes. He also testified that his students on at least one occasion called him a "crazy, old loon." He claimed that the emotional stresses connected with teaching his students contributed to his mental disability.

Plaintiff also found stressful what he perceived to be a lack of concern or cooperation from his superiors in alleviating the problems with his students. He further attributed his mental disability to the conduct and lack of care of a fellow teacher who shared a classroom with him and to the fact that some teachers dated students, conduct he believed was unprofessional. In his last year of employment, he was affected by not being able to teach advanced art classes, which had been deleted from the curriculum because of lack of student interest.

On October 28, 1983, plaintiff's drawing hand trembled uncontrollably while he was helping a student. When he returned home that evening, he drank whiskey, lost control of himself, destroyed much of his property, and apparently attempted suicide. Plaintiff contacted psychiatrist Howard Friedman, who admitted him to a hospital for several weeks, where he received psychiatric and alcohol treatment. Plaintiff admitted being a heavy drinker, almost daily, for four or five years. However, he denied being an alcoholic, and Dr. Friedman agreed, finding that plaintiff resorted to alcohol as a way to cope with the pressures of his job. Another psychiatrist, Dr. Harvey Ager, believed that plaintiff was an alcoholic and that whatever was bothering plaintiff in October 1983

was still bothering him in February 1984, when Dr. Ager examined him.

Several of plaintiff's superiors testified. They indicated that he was a satisfactory teacher, that he did not lodge any formal complaints although he was a "common grumbler," that he never sought a transfer or filed a grievance, that as a senior teacher he at times taught only three or four classes, and that classes were limited to thirty students. There was further evidence that showed that plaintiff had sought nonteaching jobs with defendant and other employment.

The WCAB denied plaintiff's claim, because it found that the "events" alleged by plaintiff did not establish that a work-related "personal injury in the form of a precipitating, work-related event actually occurred as a physical trauma or a mental stimulus or continuing mental stimuli." In doing so, the WCAB found that plaintiff alleged only general conditions of stress that were common to all teachers—e.g., disinterested and unruly students. The WCAB found that plaintiff became discouraged in his last four or five years of employment because he felt the caliber of students had deteriorated, and the WCAB rejected plaintiff's claim of lack of administrative support on the basis of the testimony of several of plaintiff's superiors.

Our review of a decision of the WCAB is limited. Factual determinations of the WCAB are conclusive, absent fraud, if supported by any competent evidence in the record. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978); *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243, 250; 262 NW2d 629 (1978); MCL 418.861; MSA 17.237(861).

As the WCAB recognized, it was plaintiff's burden to prove his case by a preponderance of the evi-

dence. *Aquilina, supra* at 210. As part of his case, plaintiff had to prove a disability resulting from a personal injury or a work-related disease, MCL 418.301(4); MSA 17.237(301)(4), and "a personal injury arising out of and in the course of employment," MCL 418.301(1); MSA 17.237(301)(1). The existence of a personal injury is a question of fact. *Harris v Checker Cab Mfg Corp,* 333 Mich 66; 52 NW2d 599 (1952); *Lizut v Peerless Novelty Co,* 74 Mich App 199; 255 NW2d 637 (1977).

Because he alleged a mental disability, plaintiff also had to establish that his mental disability was aggravated or contributed to by employment "in a significant manner" and that his claim was based on "actual events of employment, not unfounded perceptions thereof." MCL 418.301(2); MSA 17.237(301)(2) and MCL 418.401(2)(b); MSA 17.237(401)(2)(b). These requirements were added to the act by 1980 PA 357, effective January 1, 1982. See *Iloyan v General Motors Corp,* 187 Mich App 595, 599; 468 NW2d 302 (1991).

The required injury in mental disability cases was characterized as "a precipitating, work-related event," in *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978), and as "an actual, precipitating, work-related physical trauma, event, or events; and not just an unfounded perception thereof" in *Iloyan, supra* at 600. *Iloyan* was decided against the backdrop of 1980 PA 357, which added particular requirements for mental disability cases to § 401(2)(b) and to § 301(2), which provides:

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Mental disa-

bilities shall be compensable when arising out of actual events of employment, not unfounded perceptions thereof.

While the nature of mental disability claims often leads to analyses in terms of "events," the act necessarily requires that these events amount to injuries. The WCAB was unpersuaded that plaintiff suffered an injury, even though it found many of the "events" that had been alleged by him had occurred. The WCAB's findings and reasoning were sound. In finding that plaintiff had not established a work-related injury, the WCAB was entitled to rely on the fact, as it found, that plaintiff was exposed to nothing more than the general stresses faced by many teachers who were not disabled by those same stresses. The WCAB also knew that Dr. Ager did not believe that plaintiff's employment contributed to his mental disability. The WCAB did not have to determine what, if anything, was the cause of plaintiff's alleged mental disability. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223; 191 NW2d 334 (1971).

Workers' compensation benefits are not available just because a plaintiff establishes the existence of some incident or "event" that is upsetting to the plaintiff. There must be an injury. The Legislature has required the injury to be based upon "actual events" of employment. Sections 301(2) and 401(2)(b). This requirement would become meaningless if the ordinary daily conditions and minutiae of employment were sufficient to support a mental disability claim. Thus, ordinary stresses of employment (existing in probably all jobs) are not sufficient to establish the required injury. Consistent with this conclusion are *Bachula v General Motors Corp,* 191 Mich App 193, 197; 477 NW2d 486 (1991), where this Court indi-

cated that general allegations of stress and anxiety, as opposed to specific incidents, are insufficient to establish a personal injury for a mental disability claim, and *Sobh v Frederick & Herrud, Inc,* 189 Mich App 24, 30; 472 NW2d 8 (1991), where this Court applied an objective test in finding that the plaintiff's claimed injuries could not have significantly aggravated her preexisting mental condition. An idiosyncratic reaction to the ordinary stresses of employment does not create the injury necessary to sustain a claim of mental disability.

Plaintiff argues that because an employer is generally considered to accept an employee with all the employee's personal weaknesses, preexisting conditions, and susceptibilities, *Zaremba v Chrysler Corp,* 377 Mich 226, 231; 139 NW2d 745 (1966); *Riddle v Broad Crane Engineering Co,* 53 Mich App 257, 260; 218 NW2d 845 (1974), an objective standard cannot be used to determine whether a seemingly innocuous or ordinary event constituted a work-related injury to a particular employee. But objective standards are applied under the act. Indeed, an objective standard has traditionally been used to determine the existence of an injury. See *Bach v Flint Bd of Ed,* 197 Mich App 247; — NW2d — (1992). Plaintiff's argument also fails because it leads to the unacceptable conclusion that in requiring "actual events of employment" the Legislature was addressing only the limited number of cases where an employee is delusional or hallucinates.

Our conclusion that hypersensitive or idiosyncratic reactions cannot establish an injury in a mental disability case is consistent with *Miklik v Michigan Special Machine Co,* 415 Mich 364, 370; 329 NW2d 713 (1982). *Miklik* held that general conclusions of stress, anxiety, and exertion over a period of time cannot satisfy the requirement in

"heart damage" cases that there must be a relationship proved between the heart damage and specific incidents or events at work.

Although plaintiff does not cite *Carter v General Motors Corp,* 361 Mich 577, 585; 106 NW2d 105 (1960), it must be mentioned. The plaintiff there attributed his paranoid schizophrenia to "emotional pressures produced by production line employment [e.g., the pace of the job and being berated by a foreman] not shown by him to be unusual in any respect." *Carter* employed a subjective standard in determining whether the plaintiff's claimed disability and injury involving a psychosis was compensable. *Deziel, supra,* at 31. This was one of the reasons a subjective causal nexus standard was adopted in *Deziel. Id.* at 26. We do not know how our Supreme Court would decide *Carter* under the amended act that applies to the present plaintiff, but it appears that the subjective standard of causation used in *Carter* and adopted in *Deziel* has been invalidated. *Sobh, supra* at 27. In this case, the WCAB applied the post-*Deziel* and post-*Carter* requirements of the act to facts it found based on the record. We find no error in the WCAB's rejection of plaintiff's claim, which claim was based on the ordinary stresses of his job.

Affirmed.

CORRIGAN, J., concurred.

JANSEN, J. *(dissenting).* The Worker's Compensation Appeal Board applied an incorrect standard, and, therefore, this case should be remanded. The WCAB's reasoning was essentially that because most teachers do not become mentally disabled by the nature of their job and their students, plaintiff was not so disabled. A condition or event of em-

ployment does not become compensable because most similarly situated employees, or an objective employee, would be disabled by the condition. Benefits are payable when a particular employee suffers a loss of that particular employee's wage-earning capacity because of a *personal* injury at work. MCL 418.301(1); MSA 17.237(301)(1), MCL 418.351(1); MSA 17.237(351)(1), and MCL 418.361(1); MSA 17.237(361)(1).

Plaintiff established numerous events that led to his disability. The WCAB agreed that almost all these events were "actual events," and there was no dispute that the events arose out of plaintiff's employment. Thus the "actual event" requirement of §§ 301(2) and 401(2)(b) was satisfied. The act does not say that an event must be unusual, highly stressful, or extraordinary for the event to lead to a compensable disability. It does not matter what effect actual events might have on other employees, because the act compensates individual employees for their respective personal losses.

The act compensates an employee with a preexisting condition that makes the employee more susceptible to a physical injury than a typical employee. *Zaremba v Chrysler Corp,* 377 Mich 226; 139 NW2d 745 (1966). Once an employee proves a mental disability arising out of an actual event of employment that affects his condition in a significant manner, that employee is as entitled to disability benefits in the same manner as a physically disabled employee. In the present case, the WCAB did not express any meaningful doubt that the events occurred as alleged by plaintiff. Once plaintiff established the events he claimed had injured him, the WCAB should have weighed the expert testimony or otherwise determined causation.

There is little difference between this case and *Carter v General Motors Corp,* 361 Mich 577; 106

NW2d 105 (1960). The Legislature invalidated the decision in *Deziel v Difco Laboratories, Inc (After Remand),* 403 Mich 1; 268 NW2d 1 (1978). *Hurd v Ford Motor Company,* 423 Mich 531; 377 NW2d 300 (1985). *Hurd* says nothing about *Carter* being invalidated.